UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON LEWIS,

    Plaintiff,

                                               Case No. 12-12865
v.                                        Hon. Lawrence P. Zatkoff

DETROIT BOARD OF ED., JENKINS
CONSTRUCTION CO., and GRANGER
CONSTRUCTION CO.,

    Defendants.
_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

### I. INTRODUCTION

Currently before the Court are Plaintiff's Applications to Proceed *in Forma Pauperis* [dkt 2] and for Appointment of Counsel [dkt 3]. Plaintiff's Application to Proceed *in Forma Pauperis* is GRANTED; however, the Court will DENY Plaintiff's Application for Appointment of Counsel and DISMISS Plaintiff's Complaint under 28 U.S.C. § 1915(e).

### II. ANALYSIS

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd*

*v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will GRANT Plaintiff's request to proceed without prepayment of fees.

### B. Application for Appointment of Counsel

Plaintiff has also requested that the Court appoint counsel on her behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown that exceptional circumstances warranting the appointment of counsel exist in this case. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

### C. Review of Plaintiff's Complaint

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient

complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court finds that Plaintiff has failed to state a claim upon which this Court may grant relief.

Plaintiff's complaint consists of a five-page narrative. The narrative generally describes Plaintiff's claim that she complained to various state and federal agencies about the Detroit Public Schools' ("DPS") cover-up of a gas leak at Detroit's Martin Luther King High School, and was retaliated against as a result. The narrative does not clearly state any claim, but instead conflates a claim of retaliation with other allegations that DPS failed to address the alleged gas leak and harassed Plaintiff for publicizing her alleged findings. Plaintiff, however, fails to state how or whether these claims constitute cognizable causes of action in federal court, or how the claims implicate the named Defendants in this case. Plaintiff also discusses various complaints, reports, and filings made with a variety of state and federal agencies, yet does not describe with any particularity what type of complaint, report, or filing was made in each instance, to whom such was submitted to, or what action was or was not taken in response. As such, Plaintiff's claims were neither "short and plain," nor " simple, concise, and direct." *See* Fed. R. Civ. P. 8(a); (d).

Additionally, while setting forth no individual counts, Plaintiff's complaint does state that this action "is brought pursuant to the Occupational [Safety and Health] Act . . . for employment discrimination." Thus, it appears that Plaintiff is claiming retaliation under the federal Occupational Safety and Health Act, 29 U.S.C. § 660. The Sixth Circuit, however, has held that no private right of action exists that would permit an employee to pursue such a claim in this Court. *See Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir.1980). Rather, the employee's remedy is to file a complaint with the Secretary of Labor. *See* 29 U.S.C. § 660(c); *Taylor*, 616 F.2d at 259.

3

Accordingly, the Court finds Plaintiff's complaint must be dismissed pursuant to § 1915(e) as it fails to adequately state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 26, 2012.

s/Marie E. Verlinde  

Case Manager  
(810) 984-3290